IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JONATHAN H. B., | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | |
| | : | |
| MARTIN O'MALLEY, | : | |
| Commissioner of the Social Security | : | |
| Administration, | : | |
| Defendant | : | NO. 23-1771 |

**MEMORANDUM**

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE                                                    August 26, 2024

  Jonathan H.B. ("Plaintiff") seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner of the Social Security Administration ("the Commissioner"), denying his claim for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. Plaintiff has filed a brief in support of his request for review, the Commissioner has responded to it and Plaintiff has filed a reply. For the reasons set forth below, Petitioner's request for review is granted and the case remanded to the Commissioner for correction of the ALJ's error.

**I.  PROCEDURAL HISTORY**[1]

  On January 30, 2020, Plaintiff applied for DIB and SSI, alleging that his disability commenced on July 15, 2019. R. 20. The claim was denied, initially and upon reconsideration; therefore, Plaintiff requested a hearing. *Id.* On June 3, 2022, due to COVID-19 precautions, Plaintiff appeared for a telephonic hearing, before Andrew M. Emerson, Administrative Law Judge ("the ALJ"); Plaintiff, represented by an attorney, and Diamond Warren, a vocational expert, ("the

---

[1] The court has reviewed and considered the following documents in analyzing this case: Plaintiff's Brief and Statement of Issues in Support of Request for Review ("Pl. Br."), Defendant's Response to Request for Review of Plaintiff ("Resp."), Plaintiff's Reply ("Reply"), and the administrative record. ("R.").

VE") testified at the hearing. *Id.* On June 16, 2022, the ALJ, using the sequential evaluation process ("SEP") for disability,[2] issued an unfavorable decision. R. 20-38. The Social Security Administration's Appeals Council denied Plaintiff's request for review, on April 13, 2023, making the ALJ's findings the final determination of the Commissioner. R. 1-3. Plaintiff presently seeks judicial review and the parties have consented to this court's jurisdiction, pursuant to 28 U.S.C. § 636(c)(1).

## II.   FACTUAL BACKGROUND

A.   <u>Personal History</u>

Plaintiff, born on March 27, 1983, R. 53, was 41 years old on his date last insured. R. 21. He is single, has no children and lives with a female friend who assists in his care by taking him to doctor's appointments, ensuring that he takes prescribed medication, cooking his meals, laundering his clothing, and cleaning the house. R. 57-58, 65-66. Plaintiff relies upon his parents

---

[2] The Social Security Regulations provide the following five-step sequential evaluation for determining whether an adult claimant is disabled:

> 1. If the claimant is working, doing substantial gainful activity, a finding of not disabled is directed. Otherwise proceed to Step 2. *See* 20 C.F.R. §§ 404.1520(b), 416.920(b).
>
> 2. If the claimant is found not to have a severe impairment which significantly limits his physical or mental ability to do basic work activity, a finding of not disabled is directed. Otherwise proceed to Step 3. *See* 20 C.F.R. §§ 404.1520(c), 416.920(c).
>
> 3. If the claimant's impairment meets or equals criteria for a listed impairment or impairments in Appendix 1 of Subpart P of Part 404 of 20 C.F.R., a finding of disabled is directed. Otherwise proceed to Step 4. *See* 20 C.F.R. §§ 404.1520(d), 416.920(d).
>
> 4. If the claimant retains the residual functional capacity to perform past relevant work, a finding of not disabled is directed. Otherwise proceed to Step 5. *See* 20 C.F.R. §§ 404.1520(f), 416.920(f).
>
> 5. The Commissioner will determine whether, given the claimant's residual functional capacity, age, education, and past work experience in conjunction with criteria listed in Appendix 2, she is or is not disabled. *See* 20 C.F.R. §§ 404.1520(g), 416.920(g).

for financial support. R. 64.

B.     Plaintiff's Testimony

At the June 3, 2022 hearing, Plaintiff testified about his limitations. R. 53-66. His daily activities are restricted by pain, migraine headaches, and social anxiety. R. 60, 62. Pain causes a lack of concentration; migraine headaches, which occur one to three times per day, cause lack of coordination, loss of balance and nausea; social anxiety causes Plaintiff to rarely leave home. R. 60-62. Plaintiff takes a great deal of medication; some of which have caused tremors. R. 59-60.

Plaintiff cannot tolerate heat; he can stand for approximately five to ten minutes at a time and lift approximately ten pounds. R. 60-61. On a typical day, he arises at 11:00 a.m., with a migraine headache; he takes medication; eats a meal; watches television; works on an adult coloring book; takes a nap; watches more television; and goes to bed. R. 64.

C.     Vocational Testimony

The VE categorized Plaintiff's past jobs as follows: store laborer and grocery bagger were medium[3] and unskilled;[4] help desk was medium and semi-skilled;[5] animal shelter clerk was sedentary[6] and semiskilled; and ESL instructor was a light,[7] skilled[8] position. R. 68. The ALJ

---

[3] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. §§ 404.1567(c), 416.967(c).
[4] "Unskilled work is work which requires little or no judgment to do simple duties that can be learned on the job in a short period of time." 20 C.F.R. §§ 404.1568(a), 416.968(a).
[5] "Semi-skilled work is work which needs some skills but does not require doing the more complex work duties. Semi-skilled work may require alertness and close attention to watching machine processes; or inspecting, testing or otherwise looking for irregularities; or tending to or guarding equipment, property, materials or persons against loss, damage, or injury; or other types of activities which are similarly less complex than skilled work, but more complex than unskilled work." 20 C.F.R. §§ 404.1568(c), 416.968(c).
[6] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary to carry out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. §§ 404.1567(a), 416.967(a).
[7] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. §§ 404.1567(b), 416.967(b).
[8] "Skilled work requires qualifications in which a person uses judgment to determine the machine and manual operations to be performed in order to obtain the proper form, quality, or quantity of material to be produced. . . . Other skilled jobs may require dealing with people, fact, or figures or abstract ideas at a high level of complexity." 20 C.F.R. §§ 404.1568(c), 416.968(c).

asked the VE to consider a person of Plaintiff's age, education, work experience, who was limited to light work with additional limitations: occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. He can never climb ladders, ropes, and scaffolds and must avoid concentrated exposure to extreme cold, extreme heat, wetness, humidity, pulmonary irritants, such as fumes, odors, dust, gases, and poorly ventilated areas, hazardous moving machinery, and unprotected heights. The person is limited to occupations that only require occasional verbal communication. He can perform only simple, routine, repetitive, low-stress (no strict production quotas, no assembly line pace work) work, involving occasional interaction with supervisors, co-workers, and the general public. Finally, he can tolerate occasional changes in the work setting. R. 68-69. The VE opined that, although this individual could not perform any of Plaintiff's past jobs, R. 69, he could perform alternative, unskilled jobs: (1) cafeteria attendant (26,000 positions in the national economy); (2) cleaner (200,000 positions in the national economy); and (3) mail clerk (13,000 positions in the national economy). R. 69-70. Next, the VE opined that if this same individual was limited to sedentary work, R. 70, he could perform such unskilled jobs as: (1) document preparer (16,000 positions in the national economy); (2) final assembler (7,000 positions in the national economy); and (3) inspector (9,000 positions in the national economy). R. 70-71.

The VE opined, in response to questioning from Plaintiff's attorney, that, typically, employers of unskilled labor only allow employees to be off-task 10% of the workday. R. 71. Furthermore, those employers only tolerate eight absences throughout the year. R. 71.

### III. THE ALJ's FINDINGS

In his decision, the ALJ issued the following findings:

1. [Plaintiff] meets the insured status requirements of the Social Security Act through June 30, 2024.

2. [Plaintiff] not engaged in substantial gainful activity since July 15, 2019, the alleged onset date (20 CFR 404.1571 *et*

4

*seq.* and 416.971 *et seq.*).

3. [Plaintiff] has the following severe impairments: Obesity, asthma, dysthymic disorder, anxiety disorder, obsessive-compulsive disorder, autism spectrum, attention deficit hyperactivity disorder (ADHD) (20 CFR 404.1520(c) and 416.920(c)).

4. [Plaintiff] does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that [Plaintiff] had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except [he] can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. He can never climb ladders, ropes, and scaffolds. He must avoid concentrated exposure to extreme cold, extreme heat, wetness, humidity, pulmonary irritants, such as fumes, odors, dust, gases, and poorly ventilated areas, hazardous moving machinery, and unprotected heights. He is limited to occupations that only require occasional verbal communication. He can only perform simple, routine, repetitive, low-stress (no strict production quotas, no assembly line pace work) work involving occasional interaction with supervisors, co-workers, and the general public. He can tolerate occasional changes in the work setting.

6. [Plaintiff] is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. [Plaintiff] was born on March 27, 1983, and was 36 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. [Plaintiff] has at least a high school education (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that

>   [Plaintiff] is "not disabled" whether or not [Plaintiff] has transferrable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).
>
> 10.   Considering [Plaintiff's] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers that [he] can perform (20 CF 404.1569, 404.1569a, 416.969 and 416.969a).
>
> 11.   [Plaintiff] has not been under a disability, as defined in the Social Security Act, from July 15, 2019, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

R. 23, 25, 27, 36-38.

## IV.   DISCUSSION

A.   <u>Standard of Review</u>

Judicial review of the Commissioner's final decision is as follows. The Commissioner's findings of fact will not be disturbed if they are supported by substantial evidence. *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91 (3d Cir. 2007); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999). Substantial evidence is not "a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation omitted). While it is more than a mere scintilla of evidence, *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019), it may amount to less than an evidentiary preponderance. *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001); *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988). Overall, this test is deferential to the ALJ, and the court should affirm the ALJ's findings of fact that are supported by substantial evidence, even when the court, acting *de novo,* might have reached a different conclusion. *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986), *cert. denied*, 482 U.S. 905 (1987). Indeed, the court is not permitted to weigh the record evidence itself. *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). By contrast, the Commissioner's

legal conclusions are subject to *de novo* review. *Poulos*, 474 F.3d at 91; *Schaudeck*, 181 F.3d at 431.

B.     Burden of Proof in Disability Proceedings

To be found "disabled" under the Act, Plaintiff must carry the initial burden of demonstrating that she is unable to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). Plaintiff may establish a disability through: (1) medical evidence meeting one or more of the serious impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1; or (2) proof that the impairment is severe enough that Plaintiff cannot engage in any type of "substantial gainful work which exists in the national economy." *Heckler v. Campbell*, 461 U.S. 458, 460 (1983); 42 U.S.C. § 423(d)(2)(A).

Under the first method, Plaintiff is considered *per se* disabled by meeting one of the "listed" impairments. *Heckler*, 461 U.S. at 460. Under the second method, Plaintiff must initially demonstrate that a medically determinable impairment prevents her from returning to her past employment. *See Brown*, 845 F.2d at 1214. If Plaintiff proves that her impairment results in functional limitations to performing her past relevant work, then the burden of proof shifts to the Commissioner to prove that work does in fact exist in the national economy which Plaintiff can perform given her age, education, work experience and residual functional capacity. *See Hess v. Comm'r Soc. Sec.*, 931 F.3d 198, 201 (3d Cir. 2019); *Poulos,* 474 F.3d at 92.

C.     Review of the Administrative Law Judge's Decision

Applying the sequential evaluation process, the ALJ determined that Plaintiff could not perform his past relevant work but could perform other light jobs that exist in the national economy

7

and, hence, was not disabled. R. 20-38. Plaintiff disputes the ALJ's decision and argues that the ALJ committed reversible legal error by failing to evaluate properly the opinions of Alexandra McNulty, LCSW-C. Pl. Br. at 3-12. The Commissioner denies Plaintiff's assertions. Resp. at 1-13. This court finds that the ALJ failed to apply properly the governing regulation when evaluating Ms. McNulty's opinions. As a result, this case must be remanded so that the ALJ can perform the required analysis.

Ms. McNulty provided medical opinions about Plaintiff's ability to function. The Commissioner's new regulations, effective for claims filed after March 27, 2017, require an ALJ to explicitly consider two factors – supportability and consistency – when evaluating the persuasiveness of medical opinions. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). Although other factors may be relevant, an ALJ is only required to explicitly address supportability and consistency. *Id.* Supportability refers to the objective medical evidence and supporting explanations provided by a source to support his or her opinions. 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). Consistency refers how consistent a source's opinion is with the other evidence in the record from medical and nonmedical sources. 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2). Failure to consider either one of these two factors has been held to constitute reversible legal error. *Cota v. Kijakazi*, Civ. A. No. 21-672, 2022 WL 3686593, *6 (M.D. Pa. Aug. 25, 2022).

The ALJ acknowledged that Ms. McNulty had opined that Plaintiff had marked and extreme limitation in several areas of mental functioning. R. 35. The ALJ stated that he did not find these opinions persuasive, because they were not supported by Ms. McNulty's own findings during mental status examinations of Plaintiff, wherein she found just a few positive clinical signs. R. 35. However, the ALJ completely failed to determine whether Ms. McNulty's opinions were

consistent with other evidence in the record, as required by the governing regulations. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). This court is not free to search the record to supplement the record with findings the ALJ failed to make. *Fargnoli*, 247 F.3d at 44 n.7. Furthermore, Plaintiff identifies evidence in the record which, arguably, is consistent with Ms. McNulty's findings. *See* Pl. Br. at 7-10. Hence, the ALJ's error was not harmless. Therefore, this case must be remanded so that the ALJ can properly apply the governing regulations to determine whether Ms. McNulty's opinions are consistent with other evidence in the record and, hence, persuasive.

    An implementing order and order of judgment follow.